UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA LOCK,

    Plaintiff,

vs.

Case No. 06-CV-11024

HON. GEORGE CARAM STEEH

CONTINENTAL INSURANCE
COMPANY, an Illinois Corporation,
a/k/a ENCOMPASS INSURANCE
COMPANY,

    Defendant.

_____/

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S RULING (DOC. # 47) AND DENYING PLAINTIFF'S MOTION FOR PERMISSION TO FILE DVD OF VIDEO DEPOSITION (DOC. #49)

Plaintiff has brought two issues before the court: 1) a request to file a DVD of a video deposition of Jimmy Lock, and 2) the March 20, 2007 ruling of Magistrate Judge Morgan concerning the scheduling of Independent Medical Exams ("IMEs") of Jimmy Lock and further scheduling in this matter.[1]

Regarding the motion to file a DVD, the court notes the clerk of the court cannot accept a DVD for filing. The court may accept a DVD for filing in its chambers file, should it be required in connection with a motion made by either party, which is not the case here. The request is, accordingly, DENIED.

Turning to the objections stated by plaintiff to the magistrate's ruling, the court notes that the magistrate's written order simply compels the IMEs for the reasons stated

---

[1] Pursuant to E.D. Mich. LR 7.1(e)(2), the court orders that these issues will be resolved without oral argument.

on the record, and a transcript of the oral ruling has not yet been submitted by the plaintiff.  Plaintiff's objections are two-fold: plaintiff objects to the magistrate's decision to allow further scheduling of IMEs, asserting in particular that defendant's scheduling of a neurologist's IME was not previously contemplated, as well as to the further scheduling of dates in this case by the magistrate.  Plaintiff requests that this court conduct further scheduling.

A magistrate is entitled to substantial discretion pursuant to Fed. R. Civ. P. 36, and his or her resolution of a discovery dispute is not to be overturned by this court unless it shall find that the determinations were "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  Plaintiff certainly has not shown this to be true.  For that reason, the court will overrule the plaintiff's objections to the magistrate's decision to allow any of the IMEs she intended to allow in her order.[2] Should the parties have a dispute over what is intended by the ruling, they are instructed to request clarification from the magistrate.

---

[2] Without the transcript of the magistrate's decision it is impossible to discern which IMEs the magistrate intended to allow.  It appears that in January, defendant scheduled IMEs by Dr. Wagenheim and Dr. Fergison, to which plaintiff refused to submit, thus prompting defendant's motion to compel, decided by the magistrate in March.  After that hearing, on March 20, 2007, defendant renoticed IMEs, this time by Dr. Wagenheim, a Dr. Greiffenstein, and a Dr. Robbins.  The court also notes a Dr. Baker had been scheduled back in September, 2006.  Furthermore, the reply brief to the defendant's motion to compel mentioned Dr. Wagenheim, Dr. Baker, and Dr. Furgison (also spelled Fergison in the parties' briefs).

Concerning scheduling, this court will schedule its hearing, pre-trial and trial dates as it deems appropriate.

Defendant's request for costs and attorney fees is hereby DENIED.

IT IS SO ORDERED.

Dated: April 25, 2007

> S/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 25, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---