UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA LOCK,

               Plaintiff,

                                                      Case No. 06-CV-11024

vs.

                                                        HON. GEORGE CARAM STEEH

CONTINENTAL INSURANCE COMPANY,
a/k/a ENCOMPASS INSURANCE
COMPANY,
               Defendants.
_____/

## ORDER DENYING WITHOUT PREJUDICE
## PLAINTIFF'S MOTION TO EXCLUDE TESTIMONY

      This lawsuit seeks No-Fault insurance benefits arising out of an automobile accident that occurred on June 25, 1997. Plaintiff Patricia Lock seeks attendant care benefits here for care provided to her son Jimmy Lock since January 19, 2005. Now before the court is plaintiff's motion to preclude the testimony of Jimmy Lock and use of his deposition on the grounds that he is incompetent. In support of this argument, plaintiff has submitted voluminous exhibits, including psychological expert reports and Jimmy Lock's own deposition testimony.

      Defendant opposes the motion on the grounds that Jimmy Lock was found to be competent to testify in two prior causes of action arising out of the same coverage dispute here. In the first lawsuit, filed in Wayne County Circuit Court, plaintiff testified on his own behalf at the trial in the summer of 2000. In the second lawsuit, also filed in Wayne County Circuit Court for No-Fault benefits, Jimmy Lock sought a protective order barring his deposition on the grounds that he was incompetent. In an order dated

January 23, 2004, Judge Warfield Moore denied plaintiff's motion and found that Jimmy Lock was competent to testify.  Defendant contends that the doctrine of collateral estoppel precludes plaintiff's competency argument here.  Defendant also maintains that Jimmy Lock's psychological ailments do not render him incompetent and that it will be severely prejudiced if it is barred from using his deposition.

Federal Rule of Evidence 601 provides that when State law provides the rule of decision in a case, as here pursuant to the court's diversity jurisdiction, "the competency of a witness shall be determined in accordance with State law."  Under Michigan law, there is a presumption that every person is competent to stand trial.  Rule 601 of the Michigan Rules of Evidence provides:

> Unless the court finds after questioning a person that the person does not have sufficient physical or mental capacity or sense of obligation to testify truthfully and understandably, every person is competent to be a witness except as otherwise provided in these rules.

M.R.E. 601.  Rule 601 clearly provides that the court must question a potential witness to determine if they are competent to be a witness.  "[T]he test of competency of a witness does not focus on whether a witness is able to tell right from wrong but, rather, on whether a witness has the capacity and sense of obligation to testify truthfully and understandably."  People v. Norfleet, 142 Mich. App. 745, 748 (1985). The decision as to whether a witness is competent to testify is a matter within the discretion of the trial judge.  People v. Burch, 170 Mich. App. 772, 774 (1988).

Given the dictates of Rule 601, a hearing shall be held to determine whether Jimmy Lock is competent to testify in the trial of this matter and whether he was competent to testify at his deposition taken on January 8, 2007.   The hearing will take

place on the date before the trial is to begin. Accordingly, plaintiff's motion to exclude Jimmy Lock's trial and deposition testimony hereby is DENIED WITHOUT PREJUDICE at this time. Plaintiff may reopen her motion and a decision on the merits will be reached after Jimmy Lock is questioned by this court on the day before the trial is to begin.

SO ORDERED.

Dated: January 15, 2008

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 15, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee

Deputy Clerk